# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXT GENERATION CAPITAL, LLC, | No. 2:15-cv-01489-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| GERALD T. BROWN, KIMBERLY R. BROWN, | |
| Defendants. | |

Defendants Gerald T. Brown and Kimberly R. Brown ("defendants") removed this unlawful detainer action from Solano County Superior Court on July 10, 2015. ECF No. 1. They have both also moved to proceed *in forma pauperis* (IFP). ECF Nos. 3, 4. As explained below, the court remands this case to the Solano County Superior Court for lack of subject matter jurisdiction and denies defendants' IFP requests as moot.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. Any civil action for which the district court has original jurisdiction founded on a claim or right arising under the constitution, treaties or laws of the United States may be removed by the defendant to federal court without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441. An action also may be removed by the defendant to federal court on the basis of diversity jurisdiction. *Id*. Federal courts have diversity jurisdiction over civil actions between citizens of two different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

1

The court has an independent responsibility to remand a case improperly removed to the federal court. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The district court has "a duty to establish subject matter jurisdiction over [a] removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Accordingly, the court finds it appropriate to determine whether jurisdiction exists in this case. Removal statutes generally are strictly construed against removal and place the burden on defendant to demonstrate that removal is proper. *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal means that the defendant always has the burden of establishing that removal is proper.")).

Defendant states in his notice of removal that "Federal question jurisdiction exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 2. However, the complaint shows a claim only for unlawful detainer under state law, with damages not exceeding $10,000. *Id*. at 6. "Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court." *Nationstar, LLC v. Graves*, No. 1:12-CV-02018-AWI, 2012 WL 6720368, at *2 (E.D. Cal. Dec. 26, 2012) (citations omitted) (remanding unlawful detainer action sua sponte).

The court finds that defendants have not shown any proper basis for removal. Thus, the court lacks subject matter jurisdiction, the case shall be remanded and defendants' requests for *in forma pauperis* status are moot.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is REMANDED to Solano County Superior Court.

2. The motions for *in forma pauperis* status are DENIED as moot.

DATED: July 16, 2015.

_____
UNITED STATES DISTRICT JUDGE